Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>                          Plaintiff,<br><br>        vs.<br><br>OLD SCHOOL FAIRFAX, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>                          Defendant. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**<br><br>**1.   FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)**<br><br>**2.   FALSE DESIGNATIONS OF ORIGIN & UNFAIR COMPETITION (15 U.S.C. § 1125(a))**<br><br>**3.   UNFAIR COMPETITION IN VIOLATION OF CA BUS. & PROF. CODE § 17200, et seq.;**<br><br>**4.   COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**5.   COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Chrome Hearts LLC** for its claims against **Defendant Old School Fairfax, Inc.** respectfully alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendant for trademark infringement and unfair competition under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") as well as copyright infringement under 17 U.S.C. § 101, et seq., and related claims of unfair competition under the statutory and common law of the State of California.  This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

2.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     This Court has personal jurisdiction over Defendant because Defendant is incorporated and does business within this judicial district.

4.     This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.     Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6.     Upon information and belief, Defendant Old School Fairfax, Inc. ("Old School") is a corporation duly organized and existing under the laws of the State of California with an office and principal place of business at 427 N. Fairfax Avenue, Los Angeles, California 90036.

7.     Chrome Hearts is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained.  Chrome Hearts is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8.     Chrome Hearts is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Chrome Hearts further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.     The Chrome Hearts Brand and its Marks**

9.     Chrome Hearts has been engaged in the design, manufacture, and sale of artistically styled leather goods, apparel, jewelry, and accessories since 1988.

10.     Chrome Hearts is the owner of the word/mark "CHROME HEARTS" as well as a variety of other federal trademark and copyright comprising the Chrome Hearts mark and assorted design components.

11.     Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide

collection of other products, including its recent line of custom, one-of-a-kind furniture, eyewear, and crystal ware.

12. Chrome Hearts pioneered the idea of combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts's leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection with leather clothing.

13. Entertainers and sports and fashion icons, such as Madonna, Arnold Schwarzenegger, Karl Lagerfeld, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts's fashions.

14. Chrome Hearts products are sold exclusively at CHROME HEARTS stores throughout the world, including but not limited to those located in Los Angeles, New York City, Las Vegas, and Hawaii, as well as select specialty stores worldwide, including but not limited to Maxfield in Los Angeles, Alchemist in Miami, and Hirshleifers and Bergdorf Goodman in New York.

15. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

16. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts's craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

17. Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts's designs and the uniqueness of the designs.

**PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

**B.   Defendant's Infringement of Chrome Hearts's Trademarks and Copyrighted Works**

18.   Upon information and belief, Old School is a company engaged in the sale of apparel and accessories at its retail store located at 427 N. Fairfax Avenue, Los Angeles, California 90036.

19.   The present lawsuit arises from Old School's advertisement, offering for sale, and sale of products, including jewelry and apparel, that bear marks/designs identical to trademarks and copyrighted works to which Chrome Hearts owns federal registrations.   Representatives from Chrome Hearts have inspected said products and determined them to be counterfeit (hereinafter "Counterfeit Products").

20.   Chrome Hearts is informed and believes and hereon alleges that Defendant has copied Chrome Hearts's trademarks/copyrighted works in an effort to exploit Chrome Hearts's reputation in the market.

21.   Upon information and belief, Defendant may have sold additional products that infringe upon Chrome Hearts's intellectual property.   Chrome Hearts may seek leave to amend as additional information becomes available through discovery.

22.   Chrome Hearts has not granted a license or any other form of permission to Defendant with respect to its trademarks, copyrighted works, trade dresses, or other intellectual property.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

23.   Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

24.   Chrome Hearts is the owner of the word/mark "CHROME HEARTS" as well as a variety of other federal trademark registrations comprising the Chrome Hearts mark and assorted design components, including in relevant part the following trademarks (collectively "Chrome Hearts Marks"):

| Mark | U.S. Reg. No(s). | Goods/Services |
|---|---|---|
| **CHROME HEARTS** | 1,665,791 | Inter alia jewelry, belt buckles, clothing |
|  | 2,118,026 | Inter alia handbags, wallets, men's and women's clothing |
| | 2,216,570 | Jewelry made wholly or in part of precious metal; namely, rings, earrings, necklaces, bracelets, cuff links, key rings, belt buckles, watches and tie fasteners. |
|  | 2,216,575 | Clothing; namely, tee shirts, shirts, tank tops, pants, chaps jeans, sweaters and jackets. |
| | 2,307,126 | Jewelry made wholly or in part of precious metal, namely, rings, earrings, necklaces, bracelets, cuff links, key rings, belt buckles, watches and tie fasteners. |
|  | 2,408,082 | Men's and women's clothing; namely, jeans, leather pants, skirts, jackets, chaps, sweaters, vests, tee-shirts and shirts. |
|  | 3,388,911 | Clothing, namely, tee shirts, shirts, tank tops, sweatshirts, sweat pants, sweaters and hats. |
| | 3,385,449 | Jewelry, namely, bracelets, rings, watch bands, necklaces and lighters made of precious metals |
|  | 3,388,920 | Clothing, namely, tee shirts, shirts, sweatshirts, jackets and pants. |

PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

| Mark | U.S. Reg. No(s). | Goods/Services |
|---|---|---|
| | 4,494,782 | Jewelry, namely, rings, earrings, necklaces, bracelets, cuff bracelets, brooches, tie fasteners, cuff links, watch bracelets. |
|  | 3,605,860 | Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals |
| | 3,606,059 | Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, pants, jackets, coats and hats |
|  | 3,877,137 | Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, leather pants, coats, jackets, hats, socks, underwear and footwear. |
|  | 3,894,026 | Jewelry, namely, rings, earrings, pendants, cuff bracelets, bracelets, necklaces, cuff links, watch bracelets, brooches and dog tags for wear by humans for decorative purposes. |
|  | 4,494,838 | Jewelry, namely, rings, earrings, necklaces, bracelets, cuff bracelets, tie fasteners, brooches, pendants, cuff links, key rings made of precious metals and watch bracelets. |

| Mark | U.S. Reg. No(s). | Goods/Services |
|---|---|---|
|  | 4,510,024 | Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, vests, jackets, jeans, leather pants, dresses, skirts, swimwear, undergarments, hats and footwear. |
| ❋ CHROME HEARTS ❋ | 4,510,061 | Jewelry, namely, earrings, rings, bracelets, cuff bracelets, necklaces, pendants, brooches, cuff links, tie fasteners and watch bracelets, key rings of precious metals. |

25.     Registrations to the Chrome Hearts Marks are in full force and effect and have been used continuously since their respective first dates of use.  Indeed many of the Chrome Hearts Marks are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

26.     The Chrome Hearts Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise coming from Chrome Hearts.

27.     Defendant's sale of products bearing counterfeit reproductions of the Chrome Hearts Marks is likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

28.     Defendant's use of the Chrome Hearts Marks is without Chrome Hearts's permission or authority and in total disregard of Chrome Hearts's rights to control its trademarks.

29.     Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure

Chrome Hearts and reap the benefit of Chrome Hearts's goodwill associated with Chrome Hearts's trademarks.

30.     As a direct and proximate result of Defendant's infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from advertising, selling, and offering for sale products bearing the Chrome Hearts Marks that are not in fact authentic CHROME HEARTS® products.

31.     Chrome Hearts has no adequate remedy at law.

32.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant  all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

33.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

34.     Defendant's unauthorized use of marks substantially indistinguishable and/or confusingly similar to the Chrome Hearts Marks in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts's goods when in fact they do not.

35.     Defendant's use of the Chrome Hearts Marks is without Chrome Hearts's permission or authority and in total disregard of Chrome Hearts's rights to control its trademarks.

36.     Defendant's infringing activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

37.     Chrome Hearts has no adequate remedy at law.

38.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendant all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)

39.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40.     The Chrome Hearts Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

41.     Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of California.

42.     Defendant's misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts's goodwill for Defendant's own pecuniary gain.

43.     Defendant's unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts's products and has caused a likelihood of harm to Chrome Hearts's business reputation.

44.     By the acts described above, Defendant has caused and will continue to cause irreparable injury to Chrome Hearts's goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

45.     Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

46.     Defendant is liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts's trademarks, reputation and goodwill, which damages are subject to trebling.

47.     Upon information and belief, Defendant will continue its infringing acts unless restrained by this Court.

48.     Defendant's acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

49.     In light of the foregoing, Chrome Hearts is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

50.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

51.     Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in California and throughout the United States.

52.     Defendant's misappropriation of Chrome Hearts's common law trademarks was intended to capitalize on Chrome Hearts's goodwill for Defendant's

own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of marks. As a result of Chrome Hearts's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Chrome Hearts.

53.     Defendant's unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Chrome Hearts.

54.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

55.     Defendant's acts constitute unfair competition under California common law.

56.     Chrome Hearts has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's infringing activities unless Defendant is permanently enjoined from its infringing conduct.

57.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts's rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter them from similar such conduct in the future.

58.     Chrome Hearts has no adequate remedy at law.

59.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendant as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action.

**PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

# FIFTH CLAIM FOR RELIEF

## (Copyright Infringement – 17 U.S.C. § 501)

60.    Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61.    In addition to owning numerous trademark registrations to its various marks, Chrome Hearts also owns several copyright registrations, including in relevant part copyright registrations to the following works (hereinafter "Chrome Hearts Copyrighted Works"):

> i    "Cross # 4" (VA 705-233);
>
> i    "CH Cross" (VA 705-193);
>
> i    "Double Floral Cross Ring" (VA 1-722-295);
>
> i    "Horseshoe Button" (VA 967-377);

Registrations for the Chrome Hearts Copyrighted Works referenced above are attached hereto and incorporated herein as Exhibit A.

62.    As the owner of the Chrome Hearts Copyrighted Works, Chrome Hearts is entitled to exclusive use thereof without the unauthorized use by third parties.

63.    Given the widespread popularity of the Chrome Hearts Copyrighted Works and the striking similarity between said works and the design elements that appear on the Counterfeit Products, Defendant had access to the Chrome Hearts Copyrighted Works and upon information and belief has knowingly infringed upon one or more of them by manufacturing, distributing and selling products bearing marks which are substantially similar to the Chrome Hearts Copyrighted Works, in violation of 17 U.S.C. § 501.

64.    Upon information and belief, Defendant has intentionally, knowingly and willfully copied the Chrome Hearts Copyrighted Works to benefit from the widespread customer recognition and acceptance of them and to capitalize upon the market created by Chrome Hearts for its designs.

65.     Upon information and belief, the aforesaid infringement by Defendant of the Chrome Hearts Copyrighted Works was and continues to be with the knowledge that such designs are copyrighted and Defendant, in doing the acts complained of herein, has willfully infringed upon Chrome Hearts's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

66.     Defendant's infringement of the Chrome Hearts Copyrighted Works is to the great and irreparable damage of Chrome Hearts, and Chrome Hearts is informed and believes, as indicated, that Defendant will continue such infringement unless enjoined by this Court.

67.     Chrome Hearts has no adequate remedy at law.

68.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendant from using the Chrome Hearts Copyrighted Works or any designs identical and/or substantially similar thereto for any purpose, and to recover from Defendant all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendant as follows:

1.     Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Counterfeit Products and/or any

other products that bear marks/designs identical to, confusingly similar to, and/or substantially similar to the Chrome Hearts Marks and/or Chrome Hearts Copyrighted Works;

(b)   engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

(c)   committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

(d)   knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) through (c) above.

2.   Entry of an ORDER directing Defendant to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Counterfeit Products, in addition to any other goods that infringe upon Chrome Hearts's rights to the Chrome Hearts Marks and/or Chrome Hearts Copyrighted Works, including all advertisements, promotional and marketing materials therefore, as well as means of making same in its possession or under its control;

3.   Entry of an ORDER directing Defendant to disclose its supplier(s) and manufacturer(s) of the Counterfeit Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Counterfeit Products;

4.   Entry of an ORDER for an accounting by Defendant of all gains, profits, and/or advantages derived from its infringing acts;

PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

5.     Entry of an ORDER directing Defendant to file with this Court and serve on Chrome Hearts within ten (10) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant  has complied with the injunction;

6.     Award of Defendant's profits and all damages sustained by Chrome Hearts as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b), or in the alternative should Chrome Hearts so elect, an award of statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c) to Chrome Hearts

7.     Award of treble damages in the amount of Defendant's profits or Chrome Hearts Marks' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

8.     Award of applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505 to Chrome Hearts;

9.     Award of punitive damages to Chrome Hearts in connection with its California state and common law claims;

10.     Such other relief as may be just and proper.


Dated:        December 7, 2016        BLAKELY LAW GROUP

                                      By:    */s/ Cindy Chan*_____
                                             Brent H. Blakely
                                             Cindy Chan
                                             ***Attorneys for Plaintiff***
                                             ***Chrome Hearts LLC***

PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.


Dated:        December 7, 2016            BLAKELY LAW GROUP


                                         By:    */s/ Cindy Chan*_____
                                                Brent H. Blakely
                                                Cindy Chan
                                                ***Attorneys for Plaintiff***
                                                ***Chrome Hearts LLC***

**PLAINTIFF'S COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

# EXHIBIT A

# CERTIFICATE OF REGISTRATION



OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
*United States of America*

## FORM VA
**For a Work of the Visual Arts**
UNITED STATES COPYRIGHT OFFICE

**VA 705-233**

EFFECTIVE DATE OF REGISTRATION

MAR 28 1995
Month  Day  Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

**TITLE OF THIS WORK ▼**

Cross # 4

**NATURE OF THIS WORK ▼** See instructions

JEWELRY DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**

CHROME HEARTS, INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes  ☐ No
Pseudonymous?   ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**3**

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ◀Year in all cases.
1990

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ November  Day ▶ 7  Year ▶ 1990
U.S.A. ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

CHROME HEARTS, INC.
937 North Citrus Avenue
Hollywood, California 90038

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

APPLICATION RECEIVED
MAR 28 1995
ONE DEPOSIT RECEIVED
MAR 28 1995
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions  • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of ___ pages

EXAMINED BY ◯ _SW_     FORM VA

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**5**

DERIVATIVE WORK OR COMPILATION  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

DEPOSIT ACCOUNT  If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼   ROBBINS, BERLINER & CARSON     Account Number ▼   DA 026964

**7**

CORRESPONDENCE  Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

John P. Spitals
c/o ROBBINS, BERLINER & CARSON
201 N. Figueroa Street, 5th Floor
Los Angeles, California 90012-2628

Area Code and Telephone Number ▶   (213) 977-1001

Be sure to
give your
daytime phone
◀ number

CERTIFICATION*  I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of _CHROME HEARTS, INC._

     Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

John P. Spitals          date ▶ March 24, 1995

    Handwritten signature (X) ▼

MAIL
CERTIFI-
CATE TO

Name ▼   John P. Spitals, c/o     ROBBINS, BERLINER & CARSON

Certificate
will be
mailed in
window
envelope

Number/Street/Apartment Number ▼   201 N. Figueroa Street, 5th Floor

City/State/ZIP ▼   Los Angeles, California 90012-2628

**9**

• **YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to *Register of Copyrights*
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000     ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/60,501



Celtic Chain Necklace

#4 Cross Button

Celtic Pendant

Celtic Button

Floral Cross

# CERTIFICATE OF REGISTRATION




This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 705-193**

EFFECTIVE DATE OF REGISTRATION

MAR 28 1995
Month   Day   Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**TITLE OF THIS WORK ▼**

C H Cross

**NATURE OF THIS WORK ▼** See instructions

JEWELRY DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2 a   NAME OF AUTHOR ▼**

CHROME HEARTS, INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☒ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?   ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

Under the law, ... as the ... the ... lea... space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture   ☐ Map   ☐ Technical drawing
☐ 2-Dimensional artwork   ☐ Photograph   ☐ Text
☐ Reproduction of work of art   ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**3 a   YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ◀Year in all cases.

1990

**b   DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.

Month ▶ November   Day ▶ 7   Year ▶ 1990
U.S.A.   ◀ Nation

---

**4   COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

CHROME HEARTS, INC.
937 North Citrus Avenue
Hollywood, California 90038

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**APPLICATION RECEIVED**
MAR 28 1995
**ONE DEPOSIT RECEIVED**
MAR 28 1995
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE

FORM VA

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
  Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼ ROBBINS, BERLINER & CARSON          Account Number ▼  DA 026964

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
John P. Spitals
c/o ROBBINS, BERLINER & CARSON
201 N. Figueroa Street, 5th Floor
Los Angeles, California 90012-2628
          Area Code and Telephone Number ▶  (213) 977-1001

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  CHROME HEARTS, INC.
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
John P. Spitals                                        date▶ March 24, 1995

Handwritten signature (X)▼

**8**

**MAIL
CERTIFI-
CATE TO**

Name ▼
John P. Spitals, c/o  ROBBINS, BERLINER &
                              CARSON

Number/Street/Apartment Number ▼
201 N. Figueroa Street, 5th Floor

City/State/ZIP ▼
Los Angeles, California 90012-2628

Certificate
will be
mailed in
window
envelope

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000          ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581/60,501

Fig. 22





# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-722-295

**Effective date of
registration:**

May 28, 2010

## Title

**Title of Work:** Double Floral Cross Ring

## Completion/Publication

**Year of Completion:** 1989

**Date of 1st Publication:** January 1, 1990          **Nation of 1st Publication:** United States

## Author

- **Author:** Chrome Hearts LLC

  **Author Created:** jewelry design

  **Work made for hire:** Yes

  **Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Chrome Hearts LLC

915 N. Mansfield, Hollywood, CA, 90038

## Rights and Permissions

**Organization Name:** Tucker & Latifi, LLP

**Name:** Afschineh  Latifi

**Email:** alatifi@tuckerlatifi.com          **Telephone:** 212-472-6262

**Address:** 160 East 84th Street

New York, NY 10028

## Certification

**Name:** Afschineh Latifi

**Date:** May 28, 2010

**Registration #:**   VA0001722295

**Service Request #:**   1-410877041



Tucker & Latifi, LLP
Afschineh Latifi
160 East 84th Street
New York, NY 10028













**CERTIFICATE OF REGISTRATION**



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



VA 967 – 377

#VA0000967377#

EFFECTIVE DATE OF REGISTRATION

5 25 99
Month | Day | Year

OFFICIAL SEAL

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

Horseshoe Button

NATURE OF THIS WORK ▼ See Instructions

Jewelry Design

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2**

**a** NAME OF AUTHOR ▼

Chrome Hearts, Inc.

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☒ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See Instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☒ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**3**

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1995 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published.
Month ▶ March Day ▶ 3 Year ▶ 1996
U.S.A. ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

Chrome Hearts, Inc.
937 North Citrus Avenue
Hollywood, CA 90038

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

APPLICATION RECEIVED
MAY 25 1999
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
MAY 25 1999
FUNDS RECEIVED

DO NOT WRITE HERE OFFICE USE ONLY

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

Pg. 33

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

**FORM VA**

**FOR COPYRIGHT OFFICE USE ONLY**

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give:   **Previous Registration Number** ▼              **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR**                    Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material**   Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions before completing this space.

b. **Material Added to This Work**   Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼                                              **Account Number** ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

Tucker & Latifi, LLP

160 East 84th Street

New York, NY 10028

**8**

Be sure to give your daytime phone number

Area Code and Telephone Number ▶ (212) 472-6262

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Chrome Hearts, Inc.
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Afschineh Latifi, Esq.                                              Date ▶ may 19, 1999

Handwritten signature (X) ▼

**9**

**MAIL CERTIFI-CATE TO**

**Certificate will be mailed in window**

Name ▼
Tucker & Latifi, LLP
Number/Street/Apt ▼
160 East 84th Street
City/State/ZIP ▼
New York, NY 10028

**YOU MUST**
• Complete all necessary spaces.
• Sign your application in space 8.
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material
**MAIL TO**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

*17 U.S.C. section 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

Legalsoft, 1994



Chrome Herats, Inc.
Horseshoe Button
Copyright  1995